IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,122-01, WR-78,122-02, and WR-78,122-03






EX PARTE CHARLES MAMOU, JR.








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


IN CAUSE NO. 800112 IN THE 179TH DISTRICT COURT

HARRIS COUNTY





 Per Curiam.



O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071.

 In 1999, a jury convicted applicant of the offense of capital murder and returned
affirmative answers to the punishment issues submitted under Article 37.071. (1) The trial
court, accordingly, set punishment at death. This Court affirmed applicant's conviction and
sentence on direct appeal. Mamou v. State, No. 73,708 (Tex. Crim. App. November 7, 2001)
(not designated for publication).

 Applicant presents nine allegations in his initial application in which he challenges
the validity of his conviction and sentence. The trial court did not hold a live evidentiary
hearing. As to all of these allegations, the trial court entered findings of fact and conclusions
of law and recommended that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions. We also note that Allegations Five, Six, Eight, and Nine are procedurally
barred. See Ex parte Jimenez, 364 S.W.3d 866, 880-81 (Tex. Crim. App. 2012). Based upon
the trial court's findings and conclusions and our own review, we deny relief.

 Additionally, applicant filed a Supplemental Application for Post-Conviction Writ of
Habeas Corpus and a Subsequent Pro Se Application for Art. 11.071 Writ of Habeas Corpus
after the deadline provided for filing an initial application for habeas corpus. We find that
the Supplemental and Subsequent Pro Se applications are subsequent applications. See Art.
11.071. We further find that they fail to meet any of the exceptions provided for in Article
11.071, § 5. Therefore, we dismiss the Supplemental and Subsequent Pro Se applications
as an abuse of the writ without considering the merits of the claims.

 IT IS SO ORDERED THIS THE 5TH DAY OF FEBRUARY, 2014.

Do Not Publish
1. Unless otherwise specified, all references to Articles refer to the Texas Code of
Criminal Procedure.